## WATSON *v.* ROBEY.

The object of the law, requiring the record of entry on lands under school-land warrants, was to give notice to subsequent locators and settlers, and a failure to record it in the proper office will not make the location and entry void, as to a subsequent locator with actual notice.

This provision is like that of the act concerning conveyances, which requires the record of certain instruments, A party cannot forfeit his rights by a mistake which injures no one. A party cannot complain that he was injured, by a failure to record in the proper office, when he knew the fact without the record.

APPEAL from the District Court of the Eleventh Judicial District, County of Yolo.

The facts necessary to understand the points decided, appear in the opinion of the Court.

*Volney E. Howard* for Appellant.

The survey in this case, was made prior to the location by the defendant as a pre-emptor. The survey under the school warrant was the appropriation of the land. Taylor *v.* Brown, 5 Cranch, 234; Pet. Cond. R., 235.

In Tennessee, a location takes effect from the time it was placed with the surveyor, and not from its place on the book of the entry taken. Graham *v.* Dudley, Cooke, 353.

It appears, from the evidence, that the survey was made December 18, 1855, and the pre-emption on the nineteenth day of January, 1856. Thus, it will be seen, that the survey under the school warrant, was a month elder in point of time.

The fifth section of the act for the disposal of lands granted to this State, by Congress, passed May 3d, 1852, secures to the locator, under the warrant and survey, " the right of possession to the land embraced within said survey, until such time as the government survey shall have been made." Comp. Laws, 869.

The sixth section of the last named act, has this provision : " that at the time of making such location, the first settler or owner of any improvements, situated on the tract proposed to be located, shall, in all cases, have the preference."

At the time of the survey, there was no settlement or improvement on the land in this case, and the first entry was made under the school warrant. The possession of the plaintiff was therefore prior.

The objection to the title under the school warrant, that they were not properly recorded, we do not recognize as tenable,

The eleventh section of the act of May 3d, 1852, above cited, de-clares, that "the clerk of the County Court, shall make a record of all certificates of land located under the provisions of this act." Compiled Laws, 870.

In this case, the clerk signed the record as "recorder." In that county, the clerk is *ex officio* county recorder of deeds. The survey and warrants were filled in the proper office, with the proper officer, and registered in the proper book. The claimant cannot be prejudiced by the mistake of the clerk. Wines *v.* Johnson, Jan. T., 1857.

The registry does not confer the right under the school war-rant. The whole object of the registry of the survey is, to give notice of the appropriation to subsequent locators. It is no more than an ordinary registry act. A subsequent purchase of the government, or entry at the land office, with a knowledge of a prior survey under a school warrant, would be a fraud *per se*, as much as a subsequent purchase, with knowledge of a prior un-registered deed or patent.

An actual entry and survey under a school warrant, is equiv-alent to the common law livery of seizin. 1 Sme. and Mar., 70 ; Morris *v.* Byres, 14 Tex., 278 ; as to notice of location, see 3 Metcalf, 405.

A school warrant, ↑r the act of the Legislature, gave the right of possession. ne *v.* Treadwell, 5 Cal., 310.

The act of Congre of 1841, is a legislative grant, which passed the legal estate fee. 2 How., 284 ; 2 ibid, 319 ; 2 Ham-mond, 119 ; 5 How. M R., 383 ; Dunlap's P. S. Laws, 988, § 8.

The act of the Legis ture of this State, authorizing a sale of school warrants, is a leg slative grant. Comp. L., 868.

*Bowie & Griffith* for Respondents.

In order to entitle the plaintiff to recover, it is necessary for him to show a strict compliance with the requirements of the statute. The right conveyed by the warrant, is not an absolute title attaching immediately to the premises, but is simply a stat-utory right to the possession. They convey no title, as the title itself has not yet vested in the State, but still remains in the general government.

The statute provides that an entry of the location of school warrants shall be made in the office of the clerk of the County Court of the county in which such lands shall have been located. The entry and record was made in the office of the county re-corder, and not in the office of the clerk. This is a non-compli-ance with the statute, and has been so held. Wines *v.* Johnson, Jan. T., 1857.

The offices of county clerk, and county recorder, are separate and distinct, and an act required to be performed by one is not sufficient if performed by the other.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

This was an action of ejectment. The plaintiff claimed under the location of school-land warrants, and the defendant under the provisions of the act of April 20th, 1852, prescribing the mode of maintaining and defending possessory actions on public lands in this State. In the Court below, the defendant had judgment, and the plaintiff appealed.

There is only one point in the case which it is necessary to decide.

The entry was made and recorded in the office of the county recorder, and not in the county clerk's office, as required by the fourth section of the act. (Wood's Digest, 515.) But there was proof given upon the trial tending to show that the defendant had actual notice of the location. The Court below instructed the jury, substantially, that the record was required, and without it the location was void.

We think this was error. The object of the record was solely to impart notice to subsequent locators and settlers; and when that object was attained, the purpose of the record was accomplished. This provision is like the provision of the act concerning conveyances, which requires the record of certain instruments. A party cannot forfeit his rights by a mistake that injures no one. The defendant cannot complain that he was injured by a failure to record in the proper office, when he knew the fact without the record.

Judgment reversed, and cause remanded for further proceedings.